United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 28, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60751
Summary Calendar

ARIF SABZALI MAREDIA,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 986 224
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Arif Sabzali Maredia seeks review of the decision of the
Board of Immigration Appeals (BIA) denying his request for
asylum, withholding of removal, and relief under the Convention
Against Torture.  Maredia, a native and citizen of India, asserts
that he faces persecution and torture in India because he is
Muslim.

Under the substantial evidence standard of review, Maredia
must "set forth evidence so compelling that no reasonable
factfinder could fail to find the requisite elements."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 352 (5th Cir. 2002) (internal quotation and citation omitted). Maredia has failed to meet this standard.

Maredia's claims are based primarily on anti-Muslim violence in Maredia's home state of Gujarat in February 2002 following the burning of a train. He also points to general tension between Hindus and Muslims and some reports of persecution and torture.

Although there was evidence that Gujarat officials either ignored or actively participated in the violence following the February 2002 incident, and although there is evidence of ongoing tension between Muslims and Hindus, the evidence does not compel the conclusion that Maredia suffered past persecution. Notably, the immigration judge (IJ) found Maredia's testimony regarding alleged attempts by Hindu fundamentalists to locate him to lack credibility, a determination that is entitled to great deference. See Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002).

As for a well-founded fear of future persecution, Maredia did not show that he had been or was likely to be singled out based on his Muslim beliefs, nor does the evidence compel the conclusion that there is a pattern or practice of persecution generally against Muslims sufficient to support an objectively reasonable fear that Maredia would face such persecution. See Zhao v. Gonzales, 404 F.3d 295, 307 (5th Cir. 2005). As Maredia cannot meet the standard for asylum, he likewise cannot meet the

higher standard for withholding of removal.  See Efe, 293 F.3d at 906.

Finally, with respect to his claims under the Convention Against Torture, Maredia failed to demonstrate that it is more likely than not that he would face torture as that term is defined.  See 8 C.F.R. § 1208.18(a)(1); Efe, 293 F.3d at 907.

For the foregoing reasons, we DENY the petition for review.